IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

In RE: SERZONE

    PRODUCTS LIABILITY LITIGATION

                                  MDL NO. 1477
                                  Hon. Joseph R. Goodwin

Appeal of Clients of Braddock Law Firm (Docket Nos. 590 and 618)
----------------------------

<u>MEMORANDUM OPINION AND ORDER</u>

      By virtue of the Third Amended Settlement Agreement ("Agreement") (Docket Sheet Document # 184), the parties designated the undersigned to review any appeals filed by plaintiffs regarding decisions by the Claims Administrator placing them in certain fund categories pursuant to the Agreement and the Schedule of Payments, which is attached to the Agreement as Exhibit B.  The Schedule of Payments describes the objective criteria needed to qualify for recovery under Funds A, B, C and D.  Funds A, B and C require a showing of a qualifying medical condition and submission of documents showing that the qualifying medical condition is temporally associated with the use of Serzone®.  Funds A, B and C are subcategorized according to specific medical criteria.  Fund D is the sole fund category which requires only that the plaintiff "can document that he or she purchased Serzone® or used Serzone®, or alleges that he or she was injured by Serzone® and is not making

a claim for benefits or eligible under Funds A, B or C ...."  (# 184, Exhibit B.)

On July 6, 2006, attorney Gerald Tallmadge Braddock of Jackson, Mississippi filed an appeal on behalf of 22 clients, alleging that the Claims Administrator's decision in each case must be reversed because the Claims Administrator failed to allow the clients a reasonable time to provide medical records and cure deficiencies in their submissions (# 590).  On July 11, 2006, Mr. Braddock filed another appeal on behalf of 72 plaintiffs, making the identical allegations concerning the Claims Administrator.  On August 7, 2006, Bristol-Myers Squibb Company ("BMS") filed its Response (# 754).

On August 8, 2006, the court conducted an evidentiary hearing on the two sets of appeals.  Mr. Braddock appeared by telephone; Michael B. Victorson appeared in person for BMS; Michael Healy appeared by telephone for BMS.  Marvin Masters, Liaison Counsel for Plaintiffs, attended the hearing and participated in argument. Jill Bak of Smith, Cochran & Hicks (the Claims Administrator) testified and sponsored Defendant's Exhibits 1 and 2, which were admitted.

Based on the testimony of Ms. Bak and Defendant's Exhibits 1 and 2, the court finds that the appeals filed by Mr. Braddock are not well taken, and that the Claims Administrator went to great lengths to assist Mr. Braddock in the filing of complete claims on

2

behalf of his clients. The court further finds that notwithstanding the efforts of the Claims Administrator, Mr. Braddock's efforts on behalf of his clients were unreasonably deficient, resulting in potentially significant adverse consequences for his clients. At the conclusion of the hearing, the court recommended that Mr. Braddock notify his malpractice insurance carrier of his conduct in connection with this litigation, and informed all counsel that the court would mail copies of this Memorandum Opinion and Order to Mr. Braddock's clients who are named in these two appeals.

Since December, 2004, the Claims Administrator has utilized a website and a toll-free number to assist potential Serzone® claimants with filing and supporting claims. The first step in the claims process was to file a Confidential Inventory Form on or before the Inventory Form Deadline Date, which was May 13, 2005. Most of Mr. Braddock's clients submitted their Inventory Forms through him; several clients filed their Forms directed with the Claims Administrator.

The second step of the claims process was to complete a Claim Form and to provide all required supporting documentation to the Claims Administrator and to BMS. Based on the information provided on the Inventory Form, in early summer, 2005, the Claims Administrator mailed a particular Claim Form to each Claimant or to a Claimant's attorney, if that arrangement had been made. The

Claim Forms were color-coded, with a different color for each of the four Funds set forth in the Third Amended Settlement Agreement. At all times, all four types of Claim Forms were available on the website, www.serzoneclaims.com. The Forms were written in simple language and gave explicit instructions as to completing the form and the providing of supporting documentation.

Due to Hurricanes Katrina and Rita in the late summer and fall of 2005, and the release of clients by various law firms, at the direction of the Court, on December 1, 2005, the Claims Administrator mailed notices directly to all Claimants and to their attorneys, notifying them that the deadline for submission of all Claim Forms and supporting documentation was January 31, 2006. The mailing to only one person represented by Mr. Braddock was returned to the Claims Administrator as undeliverable.

During 2005 and early 2006, the Claims Administrator fielded telephone calls from Mr. Braddock's clients who were unsuccessful in reaching Mr. Braddock by telephone, and whose letters to Mr. Braddock went unanswered. The Claims Administrator assisted several of Mr. Braddock's clients in completing their Claim Forms.

On December 14, 2005, Mr. Braddock called the Claims Administrator to ask basic questions about the claims process. His questions were answered. The Claims Administrator reported the call from Mr. Braddock to Class Counsel; Class Counsel Carl Frankovitch attempted to reach Mr. Braddock and left messages for

4

him on four separate occasions, but Mr. Frankovitch's calls were not returned.

On January 11, 2006, a temporary employee of Mr. Braddock called the Claims Administrator with basic questions on the filing and supporting of Claim Forms, which were answered. On January 23, 2006, Mr. Braddock called the Claims Administrator with basic questions on the filing and supporting of Claim Forms, which were answered.

The Claim Forms submitted by Mr. Braddock's law firm were grossly deficient. As required by the Third Amended Settlement Agreement, the Claims Administrator mailed deficiency notices to the Braddock Law Firm, identifying the deficiencies of each Claim Form, and advising that Mr. Braddock had sixty days to cure the deficiency. Some of the deficiencies were as simple as the lack of a signature before a notary public. Other Claim Forms were mostly blank.

On March 10, 2006, a temporary employee of Mr. Braddock ("Emily") called the Claims Administrator, apparently unaware of the deficiency notices or how to cure deficiencies.

On March 22, 2006, Mr. Braddock called the Claims Administrator and requested a list of his clients and the deficiencies as to each client. During the call, Mr. Braddock stated that he had more claimants in class actions than he could

keep up with.  The Claims Administrator again provided Mr. Braddock

with a list of clients and the deficiencies in their claims.

By letter dated March 23, 2006, received on March 27, 2006,

Mr. Braddock requested an extension of time in which to cure the

deficiencies.  He wrote in the letter that:

> Hurricane Katrina had an enormous impact on everyone in
> Mississippi, including but not limited to the Braddock
> Law Firm, PLLC and the clients of the Braddock Law Firm,
> PLLC.  We are still playing catch up from the aftermath
> of the hurricane.  A majority of our clients have been
> directly affected by the hurricane.  We do not have any
> way to get in contact (via telephone or U.S. mail) with
> most of our clients.  This makes curing any deficiencies
> very difficult.

The court notes that only one Braddock Law Firm client was not

reachable by U.S. Mail, as determined by the Claims Administrator.

The court finds that Mr. Braddock's statement that he cannot get in

contact with his clients is not credible.

On April 13, 2006, a two-week extension of time was granted,

and Mr. Braddock was advised that the deadline for curing

deficiencies was April 28, 2006.  Mr. Braddock or his clients cured

deficiencies of a few clients.

On April 20, 2006, Mr. Braddock called the Claims

Administrator and requested a four-week extension of time to cure

deficiencies.  The Claims Administrator advised Mr. Braddock that

"[w]e will discuss an extension of additional time to satisfy the

deficiencies noted in your clients' claims after you demonstrate

good-faith effort in meeting the April 28 extension."  According to

Defendant's Exhibit 1, *nothing was submitted during the extension period.*

Accordingly, it is hereby **ORDERED** that the Braddock Law Firm's appeals (## 590, 618) are **DENIED** because the process used by the Claims Administrator was in accordance with the Third Amended Settlement Agreement, and was reasonable and fair.  The failure of the named plaintiffs to submit complete Claim Forms with full supporting documentation is attributable to the neglect of Mr. Braddock in representing his clients.  It is further **ORDERED** that the Claims Administrator shall mail a copy of this Memorandum Opinion and Order, along with a copy of Defendant's Exhibit 1, to each plaintiff listed in these two appeals.

The court then addressed the timeliness of the appeals filed by Mr. Braddock.  BMS asserts that neither appeal was timely filed. Nevertheless, BMS stated that it was willing for the court to review the appeals for "clear error."  The court indicated that appeals would be considered in the order of seriousness of alleged injury (Class A first, Class B second, etc.).

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to Mr. Braddock, liaison counsel for plaintiffs and Bristol-Myers Squibb Company, the Claims Administrator, and the

Office of General Counsel, The Mississippi Bar, P. O. Box 2168, Jackson, MS 39225-2168.

ENTER: August 9, 2006

*Mary E. Stanley*

Mary E. Stanley
United States Magistrate Judge

8