```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                            CHARLESTON
```

In RE: SERZONE

    PRODUCTS LIABILITY LITIGATION
                                                  MDL NO. 1477
                                                  Hon. Joseph R. Goodwin

**Appeal of Clarence Poindexter (Docket No. 449)**
------------------------------

## MEMORANDUM OPINION AND ORDER

By virtue of the Third Amended Settlement Agreement ("Agreement") (Docket Sheet Document # 184), the parties designated the undersigned to review any appeals filed by plaintiffs regarding decisions by the Claims Administrator placing them in certain fund categories pursuant to the Agreement and the Schedule of Payments, which is attached to the Agreement as Exhibit B.  The Schedule of Payments describes the objective criteria needed to qualify for recovery under Funds A, B, C and D.  Funds A, B and C require a showing of a qualifying medical condition and submission of documents showing that the qualifying medical condition is temporally associated with the use of Serzone®.  Funds A, B and C are subcategorized according to specific medical criteria.  Fund D is the sole fund category which requires only that the plaintiff "can document that he or she purchased Serzone® or used Serzone®, or alleges that he or she was injured by Serzone® and is not making

a claim for benefits or eligible under Funds A, B or C ...." (# 184, Exhibit B.)

On March 7, 2006, Plaintiff Clarence Poindexter submitted a claim form seeking placement and award within Fund B-I. On June 6, 2006, the Claims Administrator advised Plaintiff he had not been placed in any fund. On June 12, 2006, Plaintiff, who is pro se, timely appealed the decision of the Claims Administrator. (# 449.) Bristol-Myers Squibb Company ("BMS") has filed a brief in response to the appeal. (# 528.) The court has carefully considered the submissions of both parties.

### Standard of Review

Under the Agreement, the undersigned must "review ... all documents submitted to the Claims Administrator (including the completed Claims Form and supporting documentation as well as any documents submitted by BMS) ...." (# 184, p. 14.) Pursuant to the Memorandum Opinion and Order Approving Settlement and Certifying the Settlement Class (# 296) entered by the presiding Multi-District Litigation ("MDL") Judge, Judge Goodwin, the undersigned must set aside the Claims Administrator's award if the factual determination was "clear error." (# 296, p. 49.)

For purposes of the instant appeal, "clear error" has not been defined by the parties or the court. Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, which governs the review of a magistrate judge's order on a nondispositive matter, a decision

shall not be modified or set aside unless it is "clearly erroneous or contrary to law." In <u>Marks v. Global Mortgage Group, Inc.</u>, 218 F.R.D. 492, 495 (S.D. W. Va. 2003), Judge Goodwin observed that "[a] district court should reverse a magistrate judge's decision in a discovery dispute as 'clearly erroneous' only if the district court is left with a definite and firm conviction that a mistake has been made."  (Citing <u>Clark v. Milam</u>, 155 F.R.D. 546, 547 (S.D. W. Va. 1994)).  In the criminal realm, "plain error" as used in Rule 52(b) of the Federal Rules of Criminal Procedure is defined as affecting "substantial rights."  In <u>United States v. Olano</u>, 507 U.S. 725, 733-34 (1993), the United States Supreme Court explained that there must be an error that is "plain," which affects "substantial rights."  For an error to affect substantial rights, it must "have affected the outcome of the district court proceedings." <u>Id.</u> at 734.  If these conditions are met, the court may exercise its discretion to notice the error, but only if the error "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" <u>Id.</u> at 736 (quoting <u>United States v. Atkinson</u>, 297 U.S. 157, 160 (1936)).

### Contentions of the Parties

In his appeal, Plaintiff asserts pain and suffering related to Serzone®.  (# 449.)

In response, BMS argues that it agrees with the decision of the Claims Administrator placing Plaintiff in no fund, as Plaintiff cannot qualify for placement in Funds B, C or D.  (# 528, pp. 1-2.)

### Relevant Medical Evidence

Plaintiff alleged on an inventory form that he used Serzone® from December 5, 2002, until around April of 2005.  Plaintiff submitted no evidence, with the exception of a card containing information about Plaintiff's physician, and there are notes from the Claims Administrator indicating that Plaintiff initially advised the Claims Administrator that his files at Tulane Medical Center were destroyed in Hurricane Katrina.  Later, the Claims Administrator received additional evidence, but none of it (2 pages indicating prescriptions other than Serzone® were filled by Plaintiff) related to or indicated use of Serzone®.

### Funds B, C and D

Plaintiff's appeal must be denied for two reasons.  First, Plaintiff's claim form was received March 7, 2006, well after the January 31, 2006, deadline for submission of claims. Thus, Plaintiff's claim was untimely.

Assuming Plaintiff could overcome the timeliness problem, Plaintiff has not provided documented evidence of elevated liver enzymes or total bilirubin levels in temporal association with the use of Serzone®, i.e., within two weeks after the last documented use of Serzone®, or any other evidence that he otherwise meets the

requirements for placement in Funds B or C. Regarding Fund D, although Plaintiff alleged on an inventory form that he was injured by Serzone®, the untimeliness of Plaintiff's claim justified the Claims Administrator's decision placing Plaintiff in no fund.

Accordingly, it is hereby **ORDERED** that Plaintiff's appeal is **DENIED** because the Claims Administrator did not err in failing to place Plaintiff in Fund B. Instead, the Claims Administrator properly placed Plaintiff in no fund.

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to Mr. Poindexter, liaison counsel for plaintiffs and Bristol-Myers Squibb Company, and the Claims Administrator.

ENTER: August 23, 2006

_____
Mary E. Stanley
United States Magistrate Judge