```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                          CHARLESTON
```

In RE: SERZONE

    PRODUCTS LIABILITY LITIGATION

                                              MDL NO. 1477
                                              Hon. Joseph R. Goodwin

**Appeal of Julianna Smith (Docket No. 455)**
------------------------------

## MEMORANDUM OPINION AND ORDER

      By virtue of the Third Amended Settlement Agreement ("Agreement") (Docket Sheet Document # 184), the parties designated the undersigned to review any appeals filed by plaintiffs regarding decisions by the Claims Administrator placing them in certain fund categories pursuant to the Agreement and the Schedule of Payments, which is attached to the Agreement as Exhibit B.  The Schedule of Payments describes the objective criteria needed to qualify for recovery under Funds A, B, C and D.  Funds A, B and C require a showing of a qualifying medical condition and submission of documents showing that the qualifying medical condition is temporally associated with the use of Serzone®.  Funds A, B and C are subcategorized according to specific medical criteria.  Fund D is the sole fund category which requires only that the plaintiff "can document that he or she purchased Serzone® or used Serzone®, or alleges that he or she was injured by Serzone® and is not making

a claim for benefits or eligible under Funds A, B or C ...." (# 184, Exhibit B.)

Julianna Smith never submitted an inventory form or a claim form.  On June 10, 2006, Ms. Smith, who is pro se, filed a letter stating that she was a

> Serzone client.  Mr Morris Bart was looking into my claim.  His office inform[ed] me that I didn't suffer liver damage from the medication Serzone so I didn't qualify for nothing but a hundred dollars.  I am late sending in my paper work because the city of New Orleans where I lived was hit by a hurricane and all of my house was damage[d] by water so I had to [relocate] to another city.  And I need a[n] update on what [is] going on with my claim all my paper work was destroyed so could you please update me on what [is] going on with the Serzone claims.  Please excuse me for being late with the paper work.

(# 455.)

Bristol-Myers Squibb Company ("BMS") has filed a brief in response to the "appeal." (# 622.)  BMS argues that to the extent Ms. Smith's letter may be construed as an appeal, it should be denied because Ms. Smith did not submit an inventory form or claim form with supporting documentation.  BMS points out that Hurricane Katrina, to which Ms. Smith apparently refers, made landfall on August 29, 2005, three months after the inventory forms were due on May 13, 2005.  Nor does Ms. Smith show qualification for benefits under any fund, including Fund D, because she failed to show she purchased or used Serzone®. (# 622, pp. 1-3.)  The court has carefully considered the submissions of both parties.

**Standard of Review**

Under the Agreement, the undersigned must "review ... all documents submitted to the Claims Administrator (including the completed Claims Form and supporting documentation as well as any documents submitted by BMS) ...." (# 184, p. 14.) Pursuant to the Memorandum Opinion and Order Approving Settlement and Certifying the Settlement Class (# 296) entered by the presiding Multi-District Litigation ("MDL") Judge, Judge Goodwin, the undersigned must set aside the Claims Administrator's award if the factual determination was "clear error." (# 296, p. 49.)

For purposes of the instant appeal, "clear error" has not been defined by the parties or the court. Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, which governs the review of a magistrate judge's order on a nondispositive matter, a decision shall not be modified or set aside unless it is "clearly erroneous or contrary to law." In Marks v. Global Mortgage Group, Inc., 218 F.R.D. 492, 495 (S.D. W. Va. 2003), Judge Goodwin observed that "[a] district court should reverse a magistrate judge's decision in a discovery dispute as 'clearly erroneous' only if the district court is left with a definite and firm conviction that a mistake has been made." (Citing Clark v. Milam, 155 F.R.D. 546, 547 (S.D. W. Va. 1994)). In the criminal realm, "plain error" as used in Rule 52(b) of the Federal Rules of Criminal Procedure is defined as affecting "substantial rights." In United States v. Olano, 507

U.S. 725, 733-34 (1993), the United States Supreme Court explained that there must be an error that is "plain," which affects "substantial rights." For an error to affect substantial rights, it must "have affected the outcome of the district court proceedings." Id. at 734. If these conditions are met, the court may exercise its discretion to notice the error, but only if the error "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Id. at 736 (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)).

### Analysis

Ms. Smith has not complied with even the most minimal requirements for participation in this class action settlement. The inventory form was due by May 13, 2005, well before Hurricane Katrina made landfall, yet Ms. Smith never submitted this form or any other documentation that would qualify her for placement in any fund. Plaintiff has not provided an adequate explanation as to why she should be excused from the requirements of this class action settlement. To the extent Ms. Smith is considered a claimant in this class action, which is highly doubtful, her appeal is denied.

Accordingly, it is hereby **ORDERED** that Plaintiff's "appeal" is **DENIED**.

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to Ms. Smith, liaison counsel for plaintiffs and Bristol-Myers Squibb Company, and the Claims Administrator.

ENTER: September 11, 2006

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge

5