```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                        CHARLESTON
```

In RE: SERZONE

    PRODUCTS LIABILITY LITIGATION

                                         MDL NO. 1477
                                         Hon. Joseph R. Goodwin

**Appeal of Patricia A. Fulgham (Docket No. 590)**
------------------------------

## MEMORANDUM OPINION AND ORDER

      By virtue of the Third Amended Settlement Agreement ("Agreement") (Docket Sheet Document # 184), the parties designated the undersigned to review any appeals filed by plaintiffs regarding decisions by the Claims Administrator placing them in certain fund categories pursuant to the Agreement and the Schedule of Payments, which is attached to the Agreement as Exhibit B.  The Schedule of Payments describes the objective criteria needed to qualify for recovery under Funds A, B, C and D.  Funds A, B and C require a showing of a qualifying medical condition and submission of documents showing that the qualifying medical condition is temporally associated with the use of Serzone®.  Funds A, B and C are subcategorized according to specific medical criteria.  Fund D is the sole fund category which requires only that the plaintiff "can document that he or she purchased Serzone® or used Serzone®, or alleges that he or she was injured by Serzone® and is not making a claim for benefits or eligible under Funds A, B or C ...."  (# 184, Exhibit B.)

On May 9, 2005, Plaintiff Patricia A. Fulgham submitted an inventory form.  On January 30, 2006, Plaintiff submitted a claim form seeking placement and award within Fund C.  By letter dated January 30, 2006, the Claims Administrator notified Plaintiff that the claim was incomplete, as Plaintiff had not provided a (1) signed and notarized general release; (2) signed and notarized HIPAA compliant authorization for records; (3)  medical report, hospital records or medical records documenting treatment for a liver injury and supporting Plaintiff's claim; (4) hospital records, medical records and laboratory reports for the five years immediately preceding the qualifying injury to the present; and (5) complete pharmacy records for the five years preceding the liver injury to the present.  Plaintiff apparently submitted no additional evidence.  On June 1, 2006, the Claims Administrator advised Plaintiff she had not been placed in a Fund and she would not receive any money.

On July 6, 2006 and July 11, 2006, Plaintiff's counsel, Gerald Tallmadge Braddock, filed two appeals on behalf of a total of 94 claimants.  (## 590, 618.)  Plaintiff was in the first group.  In the appeals, Plaintiffs' counsel argued that the Claims Administrator's decision in each case must be reversed because the Claims Administrator failed to allow the clients a reasonable time to provide medical records and cure deficiencies in their submissions.  (# 590/618.)  On August 7, 2006, Bristol-Myers Squibb

Company ("BMS") filed a brief in response to the appeals. (# 754.)

As set forth in the court's Memorandum Opinion and Order entered August 9, 2006, the court, following an evidentiary hearing, rejected the arguments of Plaintiff's counsel that the Claims Administrator failed to allow reasonable time to cure deficiencies. (# 767.) In fact, at the evidentiary hearing, by way of testimony and Defendant's Exhibits 1 and 2,[1] the court learned that after many clients directly submitted their inventory forms to the Claims Administrator, the first step in the claims process, Plaintiff's counsel did little to nothing to complete the Claim Forms on his clients' behalf and eventually submitted grossly deficient Claim Forms. Although the Claims Administrator sent deficiency notices to Plaintiffs' counsel and gave Plaintiff's counsel an extension of time within which to cure the deficiencies, Plaintiffs' counsel or his clients cured deficiencies of only a few clients. The court concluded that "the Claims Administrator went to great lengths to assist Mr. Braddock in the filing of complete claims on behalf of his clients. The court further finds that notwithstanding the efforts of the Claims Administrator, Mr. Braddock's efforts on behalf of his clients were unreasonably deficient, resulting in potentially significant adverse consequences for his clients." (# 767, pp. 2-3.) Despite Mr.

---

[1] Exhibit 1 is a response memorandum prepared by the Claims Administrator outlining contacts to and from Plaintiffs' counsel. Exhibit 2 includes the underlying e-mails, letter and other documents on which Exhibit 1 is based.

Braddock's neglect of his client's claims and the untimeliness of their appeals, the court stated that it would consider the appeals. (# 767, p. 7.)

**Standard of Review**

Under the Agreement, the undersigned must "review ... all documents submitted to the Claims Administrator (including the completed Claims Form and supporting documentation as well as any documents submitted by BMS) ...." (# 184, p. 14.) Pursuant to the Memorandum Opinion and Order Approving Settlement and Certifying the Settlement Class (# 296) entered by the presiding Multi-District Litigation ("MDL") Judge, Judge Goodwin, the undersigned must set aside the Claims Administrator's award if the factual determination was "clear error." (# 296, p. 49.)

For purposes of the instant appeal, "clear error" has not been defined by the parties or the court. Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, which governs the review of a magistrate judge's order on a nondispositive matter, a decision shall not be modified or set aside unless it is "clearly erroneous or contrary to law." In Marks v. Global Mortgage Group, Inc., 218 F.R.D. 492, 495 (S.D. W. Va. 2003), Judge Goodwin observed that "[a] district court should reverse a magistrate judge's decision in a discovery dispute as 'clearly erroneous' only if the district court is left with a definite and firm conviction that a mistake has been made." (Citing Clark v. Milam, 155 F.R.D. 546, 547 (S.D.

W. Va. 1994)).  In the criminal realm, "plain error" as used in Rule 52(b) of the Federal Rules of Criminal Procedure is defined as affecting "substantial rights."  In United States v. Olano, 507 U.S. 725, 733-34 (1993), the United States Supreme Court explained that there must be an error that is "plain," which affects "substantial rights."  For an error to affect substantial rights, it must "have affected the outcome of the district court proceedings."  Id. at 734.  If these conditions are met, the court may exercise its discretion to notice the error, but only if the error "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"  Id. at 736 (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)).

Regarding Fund D, the Schedule of Payments explicitly provides that if the claimant (1) can document he or she purchased or used Serzone®; (2) alleges that he or she was injured by Serzone® and is not making a claim for benefits; or (3) alleges that he or she was injured by Serzone® and is not eligible for benefits under Funds A, B, or C, the claimant may make a claim for benefits under Fund D. (# 184, Exhibit B.)  Although Plaintiff has not documented her use or purchase of Serzone, in light of Plaintiff's allegation on the inventory form that she believes she developed a known physical injury as a result of the use of Serzone® and the fact that Plaintiff does not qualify for benefits under Funds A, B or C, Plaintiff has qualified for an award under the final avenue

provided for in Fund D. However, **Plaintiff must submit a *signed* and *notarized* General Release to the Claims Administrator within two (2) weeks of entry of this Memorandum Opinion and Order. If she does not have a General Release, Plaintiff should contact the Claims Administrator at 1-800-564-6019.**

Accordingly, it is hereby **ORDERED** that Plaintiff's appeal is **GRANTED** to the extent Plaintiff qualifies for Fund D, subject to submission of a General Release, and is otherwise **DENIED**. If Plaintiff fails to submit the General Release in a timely manner, the decision of the Claims Administrator placing Plaintiff in no fund will stand and Plaintiff will receive no money.

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to Plaintiffs' counsel, Plaintiff Patricia A. Fulgham, liaison counsel for plaintiffs and Bristol-Myers Squibb Company, and the Claims Administrator.

ENTER: September 14, 2006

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge