```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                             CHARLESTON
```

In RE: SERZONE

    PRODUCTS LIABILITY LITIGATION

                                            MDL NO. 1477
                                        Hon. Joseph R. Goodwin

**Appeal of Cynthia J. Quimby (Docket No. 590)**
------------------------------

### MEMORANDUM OPINION AND ORDER

     By virtue of the Third Amended Settlement Agreement ("Agreement") (Docket Sheet Document # 184), the parties designated the undersigned to review any appeals filed by plaintiffs regarding decisions by the Claims Administrator placing them in certain fund categories pursuant to the Agreement and the Schedule of Payments, which is attached to the Agreement as Exhibit B. The Schedule of Payments describes the objective criteria needed to qualify for recovery under Funds A, B, C and D. Funds A, B and C require a showing of a qualifying medical condition and submission of documents showing that the qualifying medical condition is temporally associated with the use of Serzone®. Funds A, B and C are subcategorized according to specific medical criteria. Fund D is the sole fund category which requires only that the plaintiff "can document that he or she purchased Serzone® or used Serzone®, or alleges that he or she was injured by Serzone® and is not making a claim for benefits or eligible under Funds A, B or C ...." (# 184, Exhibit B.)

On May 9, 2005, Plaintiff Cynthia J. Quimby submitted an inventory form. On January 30, 2006, Plaintiff submitted a claim form (which was completely blank) seeking placement and award within Fund C. Her claim form was in a group submitted by attorney G. Tallmadge Braddock of Jackson, MS. By letter dated January 30, 2006, the Claims Administrator notified Plaintiff that the claim was incomplete and unsigned, and Plaintiff had not provided a (1) signed and notarized general release; (2) signed and notarized HIPAA compliant authorization for records; (3) medical report, hospital records or medical records documenting treatment for a liver injury and supporting Plaintiff's claim; (4) hospital records, medical records and laboratory reports for the five years immediately preceding the qualifying injury to the present; and (5) complete pharmacy records for the five years preceding the liver injury to the present.

Plaintiff apparently retained another attorney, Mark L. Pearson, who submitted a new claim form on her behalf, and substantial additional evidence and other documents. On June 1, 2006, the Claims Administrator advised Plaintiff she had been placed in Fund C-II, and qualified for a payment of $2,000.

On July 6, 2006 and July 11, 2006, Plaintiff's former counsel, Gerald Tallmadge Braddock, filed two appeals on behalf of a total of 94 claimants. (## 590, 618.) Plaintiff was in the first group. In the appeals, Plaintiffs' counsel argued that the Claims

Administrator's decision in each case must be reversed because the Claims Administrator failed to allow the clients a reasonable time to provide medical records and cure deficiencies in their submissions. (# 590/618.) On August 7, 2006, Bristol-Myers Squibb Company ("BMS") filed a brief in response to the appeals. (# 754.)

As set forth in the court's Memorandum Opinion and Order entered August 9, 2006, the court, following an evidentiary hearing, rejected the arguments of Plaintiff's counsel that the Claims Administrator failed to allow reasonable time to cure deficiencies. (# 767.) In fact, at the evidentiary hearing, by way of testimony and Defendant's Exhibits 1 and 2,[1] the court learned that after many clients directly submitted their inventory forms to the Claims Administrator, the first step in the claims process, Plaintiff's counsel did little to nothing to complete the Claim Forms on his clients' behalf and eventually submitted grossly deficient Claim Forms. Although the Claims Administrator sent deficiency notices to Plaintiffs' counsel and gave Plaintiff's counsel an extension of time within which to cure the deficiencies, Plaintiffs' counsel or his clients cured deficiencies of only a few clients. The court concluded that "the Claims Administrator went to great lengths to assist Mr. Braddock in the filing of complete claims on behalf of his clients. The court further finds that

---

[1] Exhibit 1 is a response memorandum prepared by the Claims Administrator outlining contacts to and from Plaintiffs' counsel. Exhibit 2 includes the underlying e-mails, letter and other documents on which Exhibit 1 is based.

3

notwithstanding the efforts of the Claims Administrator, Mr. Braddock's efforts on behalf of his clients were unreasonably deficient, resulting in potentially significant adverse consequences for his clients." (# 767, pp. 2-3.) Despite Mr. Braddock's neglect of his client's claims and the untimeliness of their appeals, the court stated that it would consider the appeals. (# 767, p. 7.)

A member of chambers staff contacted Mr. Pearson to inquire whether, to his knowledge, Ms. Quimby wished to appeal the Claims Administrator's decision. Mr. Pearson assured the court's staff that no appeal was desired.

Accordingly, it is hereby **ORDERED** that Plaintiff's appeal is **DENIED**.

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to Plaintiffs' counsel (Mark L. Pearson, P.A., 5 Old River Place, Suite 205, Jackson, MS 39207, and Mr. Braddock), liaison counsel for plaintiffs and Bristol-Myers Squibb Company, and the Claims Administrator.

ENTER: September 20, 2006

Mary E. Stanley
United States Magistrate Judge