IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

In RE: SERZONE

PRODUCTS LIABILITY LITIGATION

MDL NO. 1477
Hon. Joseph R. Goodwin

Appeal of Jewel D. McCain (Docket No. 618)
-----------------------------

## MEMORANDUM OPINION AND ORDER

By virtue of the Third Amended Settlement Agreement ("Agreement") (Docket Sheet Document # 184), the parties designated the undersigned to review any appeals filed by plaintiffs regarding decisions by the Claims Administrator placing them in certain fund categories pursuant to the Agreement and the Schedule of Payments, which is attached to the Agreement as Exhibit B.  The Schedule of Payments describes the objective criteria needed to qualify for recovery under Funds A, B, C and D.  Funds A, B and C require a showing of a qualifying medical condition and submission of documents showing that the qualifying medical condition is temporally associated with the use of Serzone®.  Funds A, B and C are subcategorized according to specific medical criteria.  Fund D is the sole fund category which requires only that the plaintiff "can document that he or she purchased Serzone® or used Serzone®, or alleges that he or she was injured by Serzone® and is not making a claim for benefits or eligible under Funds A, B or C ...."  (# 184, Exhibit B.)

On May 9, 2005, plaintiff Jewel D. McCain submitted an inventory form, on which form she indicated that Braddock Law Firm, PLLC represented her. On January 30, 2006, the Braddock Law Firm submitted a claim form (which was completely blank) on behalf of Plaintiff, seeking placement and award within Fund D.

With respect to this plaintiff, the Fund D claim form was signed but not completed, the general release was not signed and notarized, and pharmacy records showing the use or purchase of Serzone® were not submitted.   On June 6, 2006, the Claims Administrator advised Plaintiff she had not been placed in a Fund and that she would receive no money.

On July 6, 2006 and July 11, 2006, Gerald Tallmadge Braddock of the Braddock Law Firm filed two appeals on behalf of a total of 94 claimants.  (## 590, 618.)  Plaintiff was in the second group. In the appeals, Plaintiffs' counsel argued that the Claims Administrator's decision in each case must be reversed because the Claims Administrator failed to allow the clients a reasonable time to provide medical records and cure deficiencies in their submissions.  (# 590/618.)  On August 7, 2006, Bristol-Myers Squibb Company ("BMS") filed a brief in response to the appeals.  (# 754.)

At an evidentiary hearing concerning the Braddock Law Firm's failure to submit complete claim forms on behalf of their clients, the court learned that the Claims Administrator sent deficiency notices to the Braddock Law Firm, and gave Plaintiff's counsel an

extension of time within which to cure the deficiencies. The Claims Administrator also sent a deficiency notice directly to Plaintiff. Despite these measures, the Braddock Law Firm cured deficiencies of only a few clients. The court concluded that "the Claims Administrator went to great lengths to assist Mr. Braddock in the filing of complete claims on behalf of his clients. The court further finds that notwithstanding the efforts of the Claims Administrator, Mr. Braddock's efforts on behalf of his clients were unreasonably deficient, resulting in potentially significant adverse consequences for his clients." (# 767, pp. 2-3.)

As set forth in the court's Memorandum Opinion and Order entered August 9, 2006, the court, following an evidentiary hearing, rejected the arguments of the Braddock Law Firm that the Claims Administrator failed to allow reasonable time to cure deficiencies. (# 767.)

### Standard of Review

Under the Agreement, the undersigned must "review ... all documents submitted to the Claims Administrator (including the completed Claims Form and supporting documentation as well as any documents submitted by BMS) ...." (# 184, p. 14.) Pursuant to the Memorandum Opinion and Order Approving Settlement and Certifying the Settlement Class (# 296) entered by the presiding Multi-District Litigation ("MDL") Judge, the Hon. Joseph R. Goodwin, the

3

undersigned must set aside the Claims Administrator's award if the factual determination was "clear error." (# 296, p. 49.)

For purposes of the instant appeal, "clear error" has not been defined by the parties or the court. Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, which governs the review of a magistrate judge's order on a nondispositive matter, a decision shall not be modified or set aside unless it is "clearly erroneous or contrary to law." In <u>Marks v. Global Mortgage Group, Inc.</u>, 218 F.R.D. 492, 495 (S.D. W. Va. 2003), Judge Goodwin observed that "[a] district court should reverse a magistrate judge's decision in a discovery dispute as 'clearly erroneous' only if the district court is left with a definite and firm conviction that a mistake has been made." (Citing <u>Clark v. Milam</u>, 155 F.R.D. 546, 547 (S.D. W. Va. 1994)). In the criminal realm, "plain error" as used in Rule 52(b) of the Federal Rules of Criminal Procedure is defined as affecting "substantial rights." In <u>United States v. Olano</u>, 507 U.S. 725, 733-34 (1993), the United States Supreme Court explained that there must be an error that is "plain," which affects "substantial rights." For an error to affect substantial rights, it must "have affected the outcome of the district court proceedings." <u>Id.</u> at 734. If these conditions are met, the court may exercise its discretion to notice the error, but only if the error "'seriously affect[s] the fairness, integrity or public

4

reputation of judicial proceedings.'"  <u>Id.</u> at 736 (quoting <u>United States v. Atkinson</u>, 297 U.S. 157, 160 (1936)).

### Relevant Medical Evidence

Plaintiff has not submitted any evidence that she was prescribed Serzone® or that she suffered any adverse effects from it.  On her inventory form, she indicated that she had used or purchased Serzone®.  She answered "No," to the question whether she believed that she developed a known physical injury as a result of the use of Serzone®.  She answered "No," to the question, "Do you . . . want to participate in the settlement and receive a payment of up to $100, but do not believe, or do not know, whether you . . . have any physical injury?"  In response to a request that Plaintiff "describe . . . any physical injury(s) or liver problems that you . . . developed during the time that you . . . used Serzone®," she wrote, "Do not know."  On her claim form, Plaintiff did not indicate that she purchased or used Serzone®, or that she suffered any physical injury as a result of the use of Serzone®.

### Analysis

The Schedule of Payments explicitly provides that if the claimant (1) can document he or she purchased or used Serzone®; (2) alleges that he or she was injured by Serzone® and is not making a claim for benefits; or (3) alleges that he or she was injured by Serzone® and is not eligible for benefits under Funds A, B, or C,

the claimant may make a claim for benefits under Fund D.  (# 184, Exhibit B.)

Plaintiff has not documented her use or purchase of Serzone, and she has not alleged that she believes she developed a known physical injury as a result of her use of Serzone®.  Accordingly, Plaintiff does not qualify for benefits under Funds A, B, C, or D.

Accordingly, it is hereby **ORDERED** that Plaintiff's appeal is **DENIED**.

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to Plaintiffs' counsel, plaintiff Jewel D. McCain, liaison counsel for plaintiffs and Bristol-Myers Squibb Company, and the Claims Administrator.

ENTER: September 26, 2006

Mary E. Stanley
United States Magistrate Judge

6