IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

In RE: SERZONE

    PRODUCTS LIABILITY LITIGATION

                             MDL NO. 1477
                             Hon. Joseph R. Goodwin

Appeal of Henrietta Walls (Docket No. 1166)
----------------------------

## MEMORANDUM OPINION AND ORDER

By virtue of the Third Amended Settlement Agreement ("Agreement") (Docket Sheet Document # 184), the parties designated the undersigned to review any appeals filed by plaintiffs regarding decisions by the Claims Administrator placing them in certain fund categories pursuant to the Agreement and the Schedule of Payments, which is attached to the Agreement as Exhibit B.  The Schedule of Payments describes the objective criteria needed to qualify for recovery under Funds A, B, C and D.  Funds A, B and C require a showing of a qualifying medical condition and submission of documents showing that the qualifying medical condition is temporally associated with the use of Serzone®.  Funds A, B and C are subcategorized according to specific medical criteria.  Fund D is the sole fund category which requires only that the plaintiff "can document that he or she purchased Serzone® or used Serzone®, or alleges that he or she was injured by Serzone® and is not making a claim for benefits or eligible under Funds A, B or C ...."  (# 184, Exhibit B.)

On April 7, 2005, Plaintiff Henrietta Walls submitted an inventory form, on which form she indicated that the Braddock Law Firm, PLLC represented her.  On or around August of 2005, a blank claim form was submitted seeking placement and award within Fund B. On January 30, 2006, the Claims Administrator advised Plaintiff via letter addressed to her home address that her claim was incomplete. On May 25, 2006, the Claims Administrator advised Plaintiff, through her counsel, that she had not been placed in a Fund and that she would receive no money.

In her appeal, Plaintiff states that she had hired Gerald Tallmadge Braddock of the Braddock Law Firm to represent her in this action.  Plaintiff states that Mr. Braddock did not provide the necessary information to the Claims Administrator, obtain her medical records or otherwise pursue her claim.  Plaintiff further states that she "was mistreated over and over, he never returned my phone calls or sent any information on [my] case, except 1 time." (# 1166, p. 1.)  Plaintiff asks that the court allow her "90 days or 60 days to get all my medical records together and everything I need to present to the courts so that I may receive monetary damages that are due to me.  I am working on gathering all records and documents right now."  (# 1166, p. 2.)

On July 6, 2006 and July 11, 2006, Gerald Tallmadge Braddock of the Braddock Law Firm filed two appeals on behalf of a total of 94 claimants.  (## 590, 618.)  Plaintiff *was not* named in either

appeal.  In the appeals, Plaintiffs' counsel argued that the Claims Administrator's decision in each case must be reversed because the Claims Administrator failed to allow the clients a reasonable time to provide medical records and cure deficiencies in their submissions.  (# 590/618.)  On August 7, 2006, Bristol-Myers Squibb Company ("BMS") filed a brief in response to the appeals.  (# 754.)

At an evidentiary hearing concerning the Braddock Law Firm's failure to submit complete claim forms on behalf of their clients, the court learned that the Claims Administrator sent deficiency notices to the Braddock Law Firm, and gave Plaintiffs' counsel an extension of time within which to cure the deficiencies.  A deficiency notice was also sent directly to the plaintiffs. Despite these measures, the Braddock Law Firm cured deficiencies of only a few clients.  The court concluded that "the Claims Administrator went to great lengths to assist Mr. Braddock in the filing of complete claims on behalf of his clients.  The court further finds that notwithstanding the efforts of the Claims Administrator, Mr. Braddock's efforts on behalf of his clients were unreasonably deficient, resulting in potentially significant adverse consequences for his clients."  (# 767, pp. 2-3.)

As set forth in the court's Memorandum Opinion and Order entered August 9, 2006, the court, following an evidentiary hearing, rejected the arguments of the Braddock Law Firm that the

Claims Administrator failed to allow reasonable time to cure deficiencies. (# 767.)

Against this backdrop, the court received the more recent appeal of Plaintiff, which she filed on her own behalf. Plaintiff's file does not contain any medical evidence, but does include correspondence from Mr. Braddock indicating that he represented her. In addition, notes from the Claims Administrator indicate Plaintiff was represented by the Braddock Law Firm and that Plaintiff had called the State Bar of Mississippi to file a complaint against Mr. Braddock.

## Standard of Review

Under the Agreement, the undersigned must "review ... all documents submitted to the Claims Administrator (including the completed Claims Form and supporting documentation as well as any documents submitted by BMS) ...." (# 184, p. 14.) Pursuant to the Memorandum Opinion and Order Approving Settlement and Certifying the Settlement Class (# 296) entered by the presiding Multi-District Litigation ("MDL") Judge, the Hon. Joseph R. Goodwin, the undersigned must set aside the Claims Administrator's award if the factual determination was "clear error." (# 296, p. 49.)

For purposes of the instant appeal, "clear error" has not been defined by the parties or the court. Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, which governs the review of a magistrate judge's order on a nondispositive matter, a decision

4

shall not be modified or set aside unless it is "clearly erroneous or contrary to law."  In Marks v. Global Mortgage Group, Inc., 218 F.R.D. 492, 495 (S.D. W. Va. 2003), Judge Goodwin observed that "[a] district court should reverse a magistrate judge's decision in a discovery dispute as 'clearly erroneous' only if the district court is left with a definite and firm conviction that a mistake has been made." (Citing Clark v. Milam, 155 F.R.D. 546, 547 (S.D. W. Va. 1994)).  In the criminal realm, "plain error" as used in Rule 52(b) of the Federal Rules of Criminal Procedure is defined as affecting "substantial rights."  In United States v. Olano, 507 U.S. 725, 733-34 (1993), the United States Supreme Court explained that there must be an error that is "plain," which affects "substantial rights."  For an error to affect substantial rights, it must "have affected the outcome of the district court proceedings." Id. at 734.  If these conditions are met, the court may exercise its discretion to notice the error, but only if the error "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Id. at 736 (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)).

### Relevant Medical Evidence

Plaintiff has not submitted any evidence that she was prescribed Serzone® or that she suffered any adverse effects from it.  On her inventory form, she indicated that she had used or purchased Serzone®.  She answered "Yes," to the question whether

she believed that she developed a known physical injury as a result of the use of Serzone®.  She answered "No," to the question, "Do you . . . want to participate in the settlement and receive a payment of up to $100, but do not believe, or do not know, whether you . . . have any physical injury?"  As noted above, Plaintiff's claim form was blank.

**Analysis**

Regarding Plaintiff's request for additional time to submit medical evidence in support of her claim, the court finds that in spite of Mr. Braddock's failure to act on Plaintiff's behalf, the request must be denied.  Plaintiff has known since as early as January 30, 2006, of the deficiencies in her claim, and she has yet to submit supporting medical or other evidence.  The court declines to allow Plaintiff to submit additional evidence at this late date.

Turning to Plaintiff's appeal, the Third Amended Settlement Agreement provides that "[e]ach Class Member asserting a claim under this Settlement Agreement *must* submit a completed Claims Form and all required supporting documentation to the Claims Administrator . . . ." [Emphasis added.]  The court has made a finding that Plaintiff's counsel did little to nothing to complete the Claim Forms on his clients' behalf and eventually submitted grossly deficient Claim Forms (as in this case).  The court has concluded that a Claim Form is a condition precedent to an award of any money pursuant to the Third Amended Settlement Agreement.  An

allegation on an inventory form of use of Serzone® with a resulting injury is simply insufficient.

The Schedule of Payments explicitly provides that if the claimant (1) can document he or she purchased or used Serzone®; (2) alleges that he or she was injured by Serzone® and is not making a claim for benefits; or (3) alleges that he or she was injured by Serzone® and is not eligible for benefits under Funds A, B, or C, the claimant may make a claim for benefits under Fund D.  (# 184, Exhibit B.)

Plaintiff has not documented her use or purchase of Serzone, and she has not submitted a completed Claim Form.  Accordingly, Plaintiff does not qualify for benefits under Funds A, B, C, or D.

Accordingly, it is hereby **ORDERED** that Plaintiff's appeal is **DENIED**.

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to Plaintiff Henrietta Walls, liaison counsel for plaintiffs and Bristol-Myers Squibb Company, and the Claims Administrator.

ENTER: December 19, 2006

_Mary E. Stanley_
Mary E. Stanley
United States Magistrate Judge

7