IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

In RE: SERZONE

    PRODUCTS LIABILITY LITIGATION
                                            MDL NO. 1477
                                            Hon. Joseph R. Goodwin

**Appeal of Kimberly Bohannon (Docket No. 1132)**
------------------------------

## MEMORANDUM OPINION AND ORDER

    By virtue of the Third Amended Settlement Agreement ("Agreement") (Docket Sheet Document # 184), the parties designated the undersigned to review any appeals filed by plaintiffs regarding decisions by the Claims Administrator placing them in certain fund categories pursuant to the Agreement and the Schedule of Payments, which is attached to the Agreement as Exhibit B.  The Schedule of Payments describes the objective criteria needed to qualify for recovery under Funds A, B, C and D.  Funds A, B and C require a showing of a qualifying medical condition and submission of documents showing that the qualifying medical condition is temporally associated with the use of Serzone®.  Funds A, B and C are subcategorized according to specific medical criteria.  Fund D is the sole fund category which requires only that the plaintiff "can document that he or she purchased Serzone® or used Serzone®, or alleges that he or she was injured by Serzone® and is not making

a claim for benefits or eligible under Funds A, B or C ...." (# 184, Exhibit B.)

On January 18, 2005, Plaintiff Kimberly Bohannon completed an inventory form. Based on the inventory form, the Claims Administrator forwarded Plaintiff a Fund D form. On December 1, 2005, the Claims Administrator sent Plaintiff a letter stating that if Plaintiff had not yet submitted a claim form, she should do so. In addition, the letter advised Plaintiff regarding an agreement with certain insurers to resolve subrogation claims with respect to claimants seeking payment under Funds A, B and C. The insurers did not intend to seek subrogation from Fund D claimants. Even though she was most likely eligible for Fund D placement only, Plaintiff accepted this offer and returned the letter so indicating. At the bottom of this letter, Plaintiff indicated she had a new address, which she provided. Plaintiff provided no further documentation to the Claims Administrator, including a completed claim form.

On October 30, 2006, Plaintiff, who is pro se, filed a letter stating that she and her son (who is also a claimant) had just learned they would not receive any settlement because they never returned the "application form" or claim form. Plaintiff indicated that after submitting the inventory form, she and her son moved to a new address. She "notified the Serzone claim administrator and received and returned the subrogation forms promptly but I was never notified that there were any forms missing from our files

2

until I contacted the claim administrator two weeks ago." (# 1132, p. 1.) Plaintiff asks that pursuant to language contained on page twenty-four of the Memorandum Opinion and Order Approving Settlement and Certifying the Settlement Class (# 296), she be permitted to participate in the settlement. (# 1132, pp. 1-2.)

Bristol-Myers Squibb Company ("BMS") has filed a brief in response to the appeal. (# 1208.) BMS argues that Plaintiff failed to comply with the deadlines established in the court-approved Agreement, including timely submission of a claim form. In addition, BMS asserts that even if the court permits Plaintiff to proceed, the documents submitted fail to show any qualifying physical condition or even the bare minimum of Serzone® use and/or purchase. (# 1208, p. 1.)

The court has carefully considered the submissions of both parties.

### Standard of Review

Under the Agreement, the undersigned must "review ... all documents submitted to the Claims Administrator (including the completed Claims Form and supporting documentation as well as any documents submitted by BMS) ...." (# 184, p. 14.) Pursuant to the Memorandum Opinion and Order Approving Settlement and Certifying the Settlement Class (# 296) entered by the presiding Multi-District Litigation ("MDL") Judge, Judge Goodwin, the undersigned

must set aside the Claims Administrator's award if the factual determination was "clear error."  (# 296, p. 49.)

For purposes of the instant appeal, "clear error" has not been defined by the parties or the court.  Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, which governs the review of a magistrate judge's order on a nondispositive matter, a decision shall not be modified or set aside unless it is "clearly erroneous or contrary to law."  In <u>Marks v. Global Mortgage Group, Inc.</u>, 218 F.R.D. 492, 495 (S.D. W. Va. 2003), Judge Goodwin observed that "[a] district court should reverse a magistrate judge's decision in a discovery dispute as 'clearly erroneous' only if the district court is left with a definite and firm conviction that a mistake has been made."  (Citing <u>Clark v. Milam</u>, 155 F.R.D. 546, 547 (S.D. W. Va. 1994)).  In the criminal realm, "plain error" as used in Rule 52(b) of the Federal Rules of Criminal Procedure is defined as affecting "substantial rights."  In <u>United States v. Olano</u>, 507 U.S. 725, 733-34 (1993), the United States Supreme Court explained that there must be an error that is "plain," which affects "substantial rights."  For an error to affect substantial rights, it must "have affected the outcome of the district court proceedings."  <u>Id.</u> at 734.  If these conditions are met, the court may exercise its discretion to notice the error, but only if the error "'seriously affect[s] the fairness, integrity or public

reputation of judicial proceedings.'"  Id. at 736 (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)).

## Analysis

The Third Amended Settlement Agreement provides that "[e]ach Class Member asserting a claim under this Settlement Agreement *must* submit a completed Claims Form and all required supporting documentation to the Claims Administrator ...." (# 184, p. 13) (emphasis added).  The court has concluded that a claim form is a condition precedent to an award of any money pursuant to the Agreement.  An allegation on an inventory form of use of Serzone® with a resulting injury is simply insufficient.  The language cited by Plaintiff from the Memorandum Opinion and Order Approving Settlement and Certifying the Settlement Class does not provide a basis for permitting Plaintiff to bypass the requirement of providing a completed claim form.  That language states only that "any claimant who filed an inventory form late, but can show that allowance of his or her late-filed claim will not cause harm or prejudice to existing parties will be allowed to join the class" (# 296, p. 24), and describes a scenario inapplicable to Plaintiff.

The Schedule of Payments explicitly provides that if the claimant (1) can document he or she purchased or used Serzone®; (2) alleges that he or she was injured by Serzone® and is not making a claim for benefits; or (3) alleges that he or she was injured by Serzone® and is not eligible for benefits under Funds A, B, or C,

5

the claimant may make a claim for benefits under Fund D.  (# 184, Exhibit B.)  Plaintiff has not documented her use or purchase of Serzone®, and she has not submitted a completed claim form.  Thus, Plaintiff does not qualify for benefits under Funds A, B, C, or D.  Accordingly, it is hereby **ORDERED** that Plaintiff's appeal is **DENIED**.

    The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to Plaintiff, liaison counsel for plaintiffs and Bristol-Myers Squibb Company, and the Claims Administrator.

    ENTER: December 21, 2006

                                            _____
                                            Mary E. Stanley
                                            United States Magistrate Judge