```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON
```

In RE: SERZONE
    PRODUCTS LIABILITY LITIGATION
                                 MDL NO. 1477
                                 Hon. Joseph R. Goodwin

Appeal of Ellen Winston (Docket No. 1073)
-------------------------------

## MEMORANDUM OPINION AND ORDER

    Ben Winston, on behalf of his daughter, Ellen Winston, recently filed an appeal. (Docket Sheet Document # 1073.) In the letter, Mr. Winston wrote that Ellen Winston was prescribed Serzone® in October of 2004 and that he filled out all forms pertaining to the Serzone® settlement. Mr. Winston stated that he was told by the Claims Administrator that Plaintiff would be awarded $100.00 and that a check would be mailed in August of 2006. When Mr. Winston did not receive a check, he called the Claims Administrator and was advised that they "do not have my completed form and that I was no longer eligible." (# 1073, p. 1.) Mr. Winston asserted that the form was either lost or thrown away by the Claims Administrator. The Claims Administrator has represented to the court that they have no documentation related to Ms. Winston or notation about any phone calls from Ms. Winston or her father.

    By order entered December 6, 2006, the court instructed Mr. Winston to provide to the court on or before December 18, 2006, any documents, including the inventory form, claim form, medical

evidence and any other documents, he submitted to the Claims Administrator which he asserts were misplaced or thrown away by the Claims Administrator.  (# 1201.)

On December 15, 2006, Mr. Winston submitted to the Clerk, a letter with a partially used Serzone® pill pack (Exhibit 1), a newspaper notice (Exhibit 2) and the court's December 6, 2006, order (Exhibit 3), which the Clerk provided to the court.  The court has returned the letter and exhibits to the Clerk with instructions that they be docketed December 15, 2006, *nunc pro tunc*.

## Standard of Review

Under the Agreement, the undersigned must "review ... all documents submitted to the Claims Administrator (including the completed Claims Form and supporting documentation as well as any documents submitted by BMS) ...." (# 184, p. 14.)  Pursuant to the Memorandum Opinion and Order Approving Settlement and Certifying the Settlement Class (# 296) entered by the presiding Multi-District Litigation ("MDL") Judge, Judge Goodwin, the undersigned must set aside the Claims Administrator's award if the factual determination was "clear error."  (# 296, p. 49.)

For purposes of the instant appeal, "clear error" has not been defined by the parties or the court.  Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, which governs the review of a magistrate judge's order on a nondispositive matter, a decision

2

shall not be modified or set aside unless it is "clearly erroneous or contrary to law." In <u>Marks v. Global Mortgage Group, Inc.</u>, 218 F.R.D. 492, 495 (S.D. W. Va. 2003), Judge Goodwin observed that "[a] district court should reverse a magistrate judge's decision in a discovery dispute as 'clearly erroneous' only if the district court is left with a definite and firm conviction that a mistake has been made." (Citing <u>Clark v. Milam</u>, 155 F.R.D. 546, 547 (S.D. W. Va. 1994)). In the criminal realm, "plain error" as used in Rule 52(b) of the Federal Rules of Criminal Procedure is defined as affecting "substantial rights." In <u>United States v. Olano</u>, 507 U.S. 725, 733-34 (1993), the United States Supreme Court explained that there must be an error that is "plain," which affects "substantial rights." For an error to affect substantial rights, it must "have affected the outcome of the district court proceedings." <u>Id.</u> at 734. If these conditions are met, the court may exercise its discretion to notice the error, but only if the error "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" <u>Id.</u> at 736 (quoting <u>United States v. Atkinson</u>, 297 U.S. 157, 160 (1936)).

**Analysis**

The Third Amended Settlement Agreement provides that "Class Members *shall complete* and file their Inventory Forms with the Claims Administrator and BMS on or before the Inventory Form Deadline Date" and that "[e]ach Class Member asserting a claim

under this Settlement Agreement *must* submit a completed Claims Form and all required supporting documentation to the Claims Administrator ....″ (# 184, p. 13)  (emphasis added).  While the court finds credible, Mr. Winston's assertions that he submitted the inventory and claim forms to the Claims Administrator, the court has concluded that the receipt of an inventory form and a claim form by the Claims Administrator is a condition precedent to an award of any money pursuant to the Agreement.  *In the event the Claims Administrator locates Plaintiff's inventory or claim forms before the conclusion of their duties, the Claims Administrator should consider Plaintiff's claim.*

The Schedule of Payments explicitly provides that if the claimant (1) can document he or she purchased or used Serzone®; (2) alleges that he or she was injured by Serzone® and is not making a claim for benefits; or (3) alleges that he or she was injured by Serzone® and is not eligible for benefits under Funds A, B, or C, the claimant may make a claim for benefits under Fund D.  (# 184, Exhibit B.)  Though Plaintiff has documented her use or purchase of Serzone®, she has not submitted completed inventory or claim forms.  Thus, Plaintiff does not qualify for benefits under Funds A, B, C, or D.  Accordingly, it is hereby **ORDERED** that Plaintiff's appeal is **DENIED** without prejudice.

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to Mr. Winston, liaison counsel for plaintiffs and Bristol-Myers Squibb Company, and the Claims Administrator.

ENTER: December 21, 2006

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge